IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIANO KRUEL BUDRI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-3241-C-BN |
| | § | |
| FIRSTFLEET, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This is the second action filed by Plaintiff Adriano Kruel Budri, proceeding *pro se*, in a Dallas County Justice of the Peace court that Defendant FirstFleet, Inc. has removed to this Court. And, like the first action, it too has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should *sua sponte* remand this action to state court.

**Applicable Background, Legal Standards, and Analysis**

Under the Court's independent duty to examine its own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), the undersigned has reviewed FirstFleet's notice of removal, which clearly sets out that the sole basis for federal jurisdiction over this action is the Court's supplemental

jurisdiction under 28 U.S.C. § 1367(a). *See* Dkt. No. 1 at 3. In support of this assertion, FirstFleet explains that

> Plaintiff is currently suing Defendant in this Court. *See Budri v. FirstFleet, Inc.*, No. 3:17-cv-02945-C-BN in the United States District Court for the Northern District of Texas, Dallas Division (Cummings, J.). Plaintiff's new State Lawsuit No. 2 includes other claims (*e.g.*, torts, such as forgery) that are so related to claims (*e.g.*, torts, such as forgery) in No. 3:17-cv-02945-C-BN that such claims form part of the same case or controversy under Article III of the United States Constitution. *Compare* Ex. 1, App. 0002 (Pl's original Petition in State Lawsuit No. 1) *with* Ex. 6, App. 0021 (Pl's new Petition in State Lawsuit No. 2).

*Id.*; *see also id.* (further explaining that, "[a]fter removal, Defendant will ask the Court to consolidate this removed State Lawsuit No. 2 with the pending federal lawsuit (No. 3:17-cv-02945-C-BN) by Plaintiff against Defendant in this Court").

This Court denied Budri's motion to remand the first action removed to this Court and, in addressing that motion, recognized that federal question jurisdiction was apparent over that action based on an October 24, 2017 email from Budri to FirstFleet's counsel in which Budri stated that FirstFleet's conduct violated several federal statutes. *See Budri v. FirstFleet, Inc.*, No. 3:17-cv-2945-C-BN, 2017 WL 5613407, at *2 (N.D. Tex. Nov. 3, 2017) (holding that FirstFleet "properly utilized this email – as 'other paper' under [28 U.S.C. §] 1446(b)(3) – to 'locate the basis of federal jurisdiction ... necessary to support [Budri's] claim[s]'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); citation omitted)).

Here, however, FirstFleet asserts that this action's relatedness to the first action is enough to support federal jurisdiction. The undersigned respectfully disagrees.

The Court's analysis must begin with the removal statute – 28 U.S.C. § 1441, which speaks in terms of removal of civil actions. And "[w]here, as here, the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist. Congress specified that federal courts have removal jurisdiction under § 1441 only if the district court otherwise has 'original jurisdiction' over the 'civil action.'" *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) (footnote omitted).

Where original jurisdiction is lacking, "§ 1367, by its own terms, cannot fill the void," as that section "grants 'supplemental jurisdiction' over state claims, not original jurisdiction." *Id.* (footnote omitted); *accord Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705-06 (8th Cir. 2003) ("Section 1367(a) does not mention removal at all.... While this statute does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions.... [It] is not original jurisdiction." (citations omitted; cited in *Halmekangas*)).

As the United States Court of Appeals for the Fifth Circuit summarized its "axiomatic" holding in *Halmekangas*, "[s]upplemental jurisdiction on its own does not give federal courts the power to remove a state case that does not arise from a federal question or offer complete diversity of citizenship." 603 F.3d at 294, 295. And FirstFleet's desire to consolidate this action, over which there is no original jurisdiction, with the first-removed action, over which there is, does not change anything.

Simply put, "consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other." *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982). Moreover, "Federal Rule of Civil Procedure 42(a), which authorizes consolidation, 'requires that both actions be "pending before the court," and an improperly removed action does not meet that criterion.'" *Nationwide Gen. Ins. Co. v. Cela*, No. 3:16-cv-02054 (SRU), 2017 WL 53690, at *4 (D. Conn. Jan. 4, 2017) (quoting *United States ex rel. Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987); citation and brackets omitted); *see also Hoffman v. State Farm Fire & Cas. Co.*, Civ. A. Nos. 15-309-JWD-RLB & 15-473-JWD-RLB, 2015 WL 9581413, at *7 (M.D. La. Dec. 4, 2015) ("[E]ach of the consolidated actions must have an independent basis for the exercise of subject matter jurisdiction." Therefore, "federal courts cannot exercise supplemental jurisdiction over an action on the basis that it has been consolidated with another action over which the court has original jurisdiction." (citing *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 287 (5th Cir. 1989) (citing, in turn, *McKenzie*, 678 F.2d at 574); citations omitted)), *rec. accepted*, 2015 WL 9480463 (M.D. La. Dec. 29, 2015).

For these reasons, federal jurisdiction over this action is lacking and *sua sponte* remand is appropriate.

## Recommendation

The Court should *sua sponte* remand this action to the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 30, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE